# Shorthouse and Ross *against* John Carothers.

One who has given bond according to the act of 4th April 1798, in an action on mesne process, cannot be taken in execution in the same cause, and if so taken may be discharged in vacation under a *habeas corpus*.

CASE stated for the opinion of the court.

A *capias ad satisfaciendum* was issued out of the Court of Common Pleas of Cumberland county, on which John Wray was arrested at the suit of the now plaintiffs, and committed to the gaol of the said county.

But before the issuing of this execution, the said Wray had been in custody on a bail piece in the same suit, on the 7th April 1800, having been surrendered by his special bail in term time, before judgment ; and he afterwards, in term time, applied for the benefit of the insolvent act of 4th April 1798, and entered into bond with surety for his appearance under the law, and also in several other cases in which he was committed on bail pieces at the same time and was therefore discharged from his confinement.

*After issuing the *ca. sa.* by the now plaintiffs, and the taking of the said Wray into custody by the defend-  [*183 ant, then and now sheriff of the county, a *habeas corpus* issued in vacation to the gaoler, by the judges of the Court of Common Pleas of the said county, who returned thereon, that the said Wray was confined upon execution at the suit of Shorthouse and Ross ; on which *habeas corpus*, the judges ordered the said Wray to be discharged, the execution having issued after the bond was given, when the said Wray was in confinement on a bail piece in the same suit. And Wray afterwards, on his application to the Court of Common Pleas aforesaid, in pursuance of the bond, duly obtained the benefit of the insolvent act of 4th April 1798.

The question is whether the sheriff be answerable to the plaintiffs for an escape ?

Mr. Watts for the plaintiff, and Mr Duncan for the defendant, submitted the case to the court without argument.

*Per Cur.* When Wray was discharged on the mesne process at the suit of the plaintiffs, and a bond given pursuant to the act to appear and comply with the law, they could have no power

afterwards to take out the *ca. sa.* against him. Such a procedure contravenes the whole spirit of the law, and renders its provisions nugatory. The court or any judge in the vacation might order the party to be discharged, the issuing of the *ca. sa.* being an abuse of the process of the court. Wils. 369. Vin. Hab. Cor. 215. pl. 3.

Judgment for the defendant.